U.S. DISTRICT COURT
NORTHERN DISTRICT OF **TEXAS**

**FILED**

JAN - 5 2010

**CLERK, U.S. DISTRICT COURT**

By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA        §
                                §
          Plaintiff,            §
                                §
VS.                             §        NO. 3-09-CV-1311-O
                                §
BERNARD DOLENZ, ET AL.          §
                                §
          Defendants.           §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff United States of America has filed a motion to strike the answer, affirmative

defenses, and counterclaims of the Swiss Avenue House Trust ("SAHT") and the Universal Life

Church of Texas Trust ("ULCTT"), collectively referred to as the "Trust Defendants." As grounds

for its motion, plaintiff contends that the Trust Defendants are not represented by a licensed attorney

and cannot appear in this action *pro se* or through Bernard Dolenz as "Trustee."   The Trust

Defendants, through Dolenz, oppose the motion.  The parties have briefed their respective positions

in a joint status report filed on December 31, 2009, and the motion is ripe for determination.

It is well settled that a corporation must be represented by a licensed attorney.  The Fifth

Circuit has held that "a corporation as a fictional person can only be represented by licensed counsel

. . . even when the person seeking to represent the corporation is its president and major

stockholder." *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981);

*see also Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir.

1982).  The rationale for prohibiting *pro se* corporate representation also extends to trusts.  *See*

*Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorney for the Northern District of*

*Texas*, No. 3-03-CV-2658-D, 2004 WL 937170 at *1 (N.D. Tex. Apr. 29, 2004) (collecting cases).

Because Dolenz is not a licensed attorney,[1] he may not represent the Trust Defendants in this action

or sign pleadings on their behalf. The answer, affirmative defenses, and counterclaims of SAHT and

ULCTT should be stricken from the record.

## **RECOMMENDATION**

Plaintiff's motion to strike [Doc. #99] should be granted, and the answer, affirmative

defenses, and counterclaims of SAHT and ULCTT [Doc. #35] should be stricken from the record.

If a licensed attorney does not enter a written appearance on behalf of the Trust Defendants within

30 days after the district judge adopts this recommendation, plaintiff should be permitted to seek the

entry of default and a default judgment against SAHT and ULCTT.

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Although Dolenz has a law degree, he was disbarred by the State Bar of Texas on June 2, 2000.

DATED:  January 5, 2010.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE