IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1311-O-BD |
| | § | |
| BERNARD DOLENZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff United States of America and Defendant Bernard J. Dolenz ("Dolenz") have filed cross-motions for summary judgment in this civil action brought by plaintiff to foreclose on a $1.6 million restitution lien against certain real property located at 6102 Swiss Avenue in Dallas, Texas ("the Property").[1] Dolenz maintains that the Property was conveyed to the Swiss Avenue House Trust ("SAHT"), a separate legal entity for which he serves as Trustee, on September 10, 1985 -- more than 12 years before his conviction on federal fraud charges that resulted in the restitution order. By way of counterclaim, Dolenz challenges the validity of his underlying criminal conviction, the conditions of his confinement while incarcerated, and the actions of various government agents, attorneys, and probation officers. The issues have been briefed by the parties and the motions are ripe for determination.

---

[1] In its original complaint, plaintiff also sought declaratory relief against the following parties: (1) Anis Rahman; (2) State Farm Insurance Company; (3) Zurich American Insurance Company; (4) Roger Sorensen; (5) Pirates Cove Water Supply & Sewer Service Corporation; (6) Allstate Insurance Company; (7) the City of Dallas; (8) Brenda Helmer; (9) the Dolenz Legal Defense Fund Trust; (10) Nancy Vail; and (11) the Universal Life Church of Texas Trust. The claims against these other parties were subsequently resolved by either default judgments or agreed judgments. (*See* Docs. #64, 66, 85, 86, 87, 90, 128).

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). By contrast, a movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

In 1998, Dolenz was convicted on 12 counts of mail fraud and ordered to pay $1,680,501.47 in restitution to his victims. *See United States v. Dolenz*, No. 3:98-CR-107-H (N.D. Tex. Dec. 29, 1998), *aff'd*, 229 F.3d 1147 (Table), 2000 WL 1239090 (5th Cir. Aug. 4, 2000), *cert. denied*, 121 S.Ct. 1213 (2001). Under federal law, a restitution order results in a lien in favor of the government "on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c); *see also United States v. Loftis*, 607 F.3d 173, 179 n.7 (5th Cir. 2010) (restitution order is enforceable to the same extent as a federal tax lien). Thus, "any property the IRS can reach to satisfy a tax lien,

a sentencing court can also reach in a restitution order." *United States v. Bank of America*, No. 4:10-CR-57.21, 2011 WL 1483716 at *3 (E.D. Tex. Mar. 28, 2011), *rec. adopted*, 2011 WL 1482952 (E.D. Tex. Apr. 19, 2011), *quoting United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009). A federal tax lien reaches not only the "property and rights to property" of the taxpayer, but also any property held by a third party as the nominee or alter ego of the taxpayer. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51, 97 S.Ct. 619, 627-28, 50 L.Ed.2d 530 (1977); *United States v. Williams*, No. 6:06-CV-524, 2008 WL 5572655 at *10 (E.D. Tex. Oct. 31, 2008), *rec. adopted*, 2008 WL 5424090 (E.D. Tex. Dec. 30, 2008).

In this lawsuit, plaintiff seeks a judicial determination that SAHT, the purported owner of the Property, is the nominee or alter ego of Dolenz. "A nominee theory involves the determination of the true beneficial ownership of property." *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000). Stated differently, "[a] 'nominee' holds legal title to property that really belongs to another who exercises control over and realizes the benefit of it." *Battle v. United States*, No. 9:06-CV-109, 2007 WL 1424553 at *5 (E.D. Tex. Feb. 7, 2007), *rec. adopted*, 2007 WL 838797 (E.D. Tex. Mar. 14, 2007), *citing Sumpter v. United States*, 302 F.Supp.2d 707, 720 (E.D. Mich. 2004). Courts generally consider six non-exclusive factors in determining nominee status: (1) whether adequate consideration was given by the nominee for the property; (2) whether the property was placed in the name of the nominee in anticipation of a suit or occurrence of liabilities; (3) whether there is a close relationship between the transferor and the nominee; (4) whether the conveyance was recorded; (5) whether the transferor retained possession of the property; and (6) whether the transferor continued to enjoy the benefits of the property. *See Oxford Capital*, 211 F.3d at 284 n.1; *Battle*, 2007 WL 1424553 at *5. No one factor is determinative of nominee status. *See United States v. Burnett*, No. C-09-286, 2010 WL 3941906 at *10 (S.D. Tex. Oct. 7, 2010).

Here, the undisputed evidence shows that Dolenz purchased the Property on or about November 5, 1982. (*See* Plf. MSJ App. at 28-29). Less than three years later, on September 10, 1985, Dolenz executed a Declaration of Trust and a quitclaim deed transferring his interest in the Property to himself as Trustee of SAHT, a trust ostensibly created for the benefit of his daughter. (*Id.* at 36-37 & 39-40). There is no evidence that SAHT paid any consideration for the Property. Since the transfer, Dolenz has continued to act as the owner of the Property and has enjoyed unrestricted beneficial use of the property. For example, except for the time he was incarcerated, Dolenz has lived in the Property rent free. (*Id.* at 57C, 60, 74, 135). He also claims both a homestead exemption and an over-65 exemption on the Property for tax purposes. (*Id.* at 67). Dolenz has never had any restrictions placed upon his enjoyment of the Property. (*Id.* at 60, 74-75). He has allowed others to occupy the Property, (*see id.* at 144-45), some for extended periods of time, (*see id.* at 86, 96-97, 107), and has converted parts of the Property for use by his church, the Universal Life Church of Texas ("ULCT"), (*see id.* at 107, 112; Dolenz Decl. at 2). Over the past two and a half decades, Dolenz has purported to transfer legal title to the Property to the Dolenz Legal Defense Fund ("DLDF") Trust, (*see* Plf. MSJ. App. at 42-45), and the ULCT Trust, (*see id.* at 48-49; Dolenz Decl. at 1).[2] More recently, Dolenz has purported to transfer a life estate in the Property to himself. (*See* Plf. MSJ App. at 50-51, 75-76, 123, 145). There is no evidence that any consideration was given for these transfers. (*See id.* at 81, 124-25, 143, 145). Dolenz also attempted to transfer a mortgage interest in the Property to Anis Rahman in settlement of certain debts. (*Id.* at 52-55, 137, 140). All these transactions were made without interference from SAHT. (*Id.* at 70-71, 75, 81, 85, 143-46).

---

[2] In separate judgments entered in this case, the court found that the DLDF Trust is invalid, (*see* Doc. #90), and that the ULCT Trust is a sham and the nominee of Dolenz, (*see* Doc. #128).

In an attempt to create a genuine issue of material fact for trial, Dolenz relies on his own self-serving declaration, wherein he states that "SAHT is not a sham, alter ego, nominee of Bernard Dolenz as alleged by USA[.]" (*See* Dolenz Decl. at 2). However, "self-serving allegations are not the type of 'significant probative evidence' required to defeat summary judgment." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *see also Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."). Based on the undisputed evidence, the court determines as a matter of law that SAHT holds title to the Property as the nominee of Dolenz. As a result, plaintiff may foreclose on its criminal restitution lien against the Property. *See Williams*, 2008 WL 5572655 at *13 (government entitled to foreclose federal lien against trust property where undisputed summary judgment evidence established that trust held property as nominee for delinquent taxpayer); *Battle*, 2007 WL 1424553 at *6 (same).[3]

Plaintiff is also entitled to summary judgment with respect to Dolenz's counterclaims challenging the validity of his underlying criminal conviction, the conditions of his confinement while incarcerated, and the actions of various government agents, attorneys, and probation officers. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Dolenz has already challenged his underlying conviction in a section 2255 motion, *see United States v. Dolenz*, No. 3:01-CV-0141-H (N.D. Tex. Feb. 18, 2002), *COA denied*, No. 02-

---

[3] In view of the disposition of the nominee issue, the court need not decide whether SAHT is the alter ego of Dolenz. However, the evidence in this case supports such a conclusion. *See United States v. McMahan*, No. V-08-07, 2008 WL 5114651 at *5 & n.20 (S.D. Tex. Dec. 3, 2008) (evidence that defendant exercises complete control over trust assets supports conclusion that the trust is both a nominee and alter ego of defendant).

10307 (5th Cir. Oct. 10, 2002), and cannot file a successive motion without authorization from the court of appeals. *See* 28 U.S.C. § 2255(h). Nor can Dolenz assert a *Bivens* claim arising out of the conditions of his confinement. Not only has Dolenz failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), but he was released from custody in 2005 -- more than *four years* before this lawsuit was filed. (*See* Plf. MSJ App. at 96). Therefore, his *Bivens* claim is barred by limitations. *See Spotts v. United States*, 613 F.3d 559, 573-74 (5th Cir. 2010) (limitations period on a *Bivens* claim is two years).[4] Likewise, plaintiff cannot sue the United States for the acts and omissions of federal probation officers, attorneys, and other employees without establishing a waiver of sovereign immunity. *See Brown v. General Services Administration*, 425 U.S. 820, 826-27, 96 S.Ct. 1961, 1965, 48 L.Ed.2d 402 (1976) (federal agencies and government employees acting in their official capacities are protected by sovereign immunity). To the extent Dolenz asserts any claims involving the wrongful seizure of personal property, those claims were adjudicated in two prior federal lawsuits and are barred by res judicata. *See United States v. Dolenz*, No. 3:05-CV-2053-N (N.D. Tex. Sept. 19, 2006), *appeal dism'd*, No. 06-11094, 2007 WL 2781878 (5th Cir. Sept. 24, 2007), *cert. dism'd*, 128 S.Ct. 1302 (2008); *Dolenz v. Fahey*, No. 3:07-CV-0477-N, 2007 WL 2077654 (N.D. Tex. Jul. 6, 2007), *rec. adopted*, 2007 WL 2107247 (N.D. Tex. Jul. 19, 2007), *appeal dism'd*, 298 Fed.Appx. 380, 2008 WL 4776317 (5th Cir. Nov. 3, 2008), *cert. dism'd*, 129 S.Ct. 1592 (2009).

Finally, Dolenz cannot defeat summary judgment based on the alleged discovery abuses and unethical behavior of opposing counsel. Those frivolous allegations were also the subject of a

---

[4] Plaintiff also lacks standing to assert any claims on behalf of other federal prisoners. *See White v. Simpson*, No. 3:04-CV-0728-D, 2004 WL 2049306 at *2 (N.D. Tex. Sept. 13, 2004) (plaintiff may bring action challenging prison conditions only for deprivations he himself has suffered).

motion to deem facts admitted and a motion to strike pleadings filed by Dolenz. In denying both motions, the court determined that plaintiff was not required to answer discovery because Dolenz did not properly serve interrogatories, requests for admission, and requests for production of documents in accordance with the federal rules. (*See* Doc. #158). Even if opposing counsel was guilty of discovery abuse, it would have no bearing on the disposition of the pending summary judgment motions.

## **RECOMMENDATION**

Plaintiff's motion for summary judgment [Doc. #168] should be granted in its entirety. The court should find as a matter of law that:

1. SAHT is holding the property located at 6102 Swiss Avenue, Dallas, Texas, as the nominee of Dolenz;

2. Dolenz, individually, is the true beneficial owner of the Property;

3. the United States has a valid restitution lien against the Property;

4. the United States may foreclosure on its restitution lien and sell the Property free and clear of all liens, claims, and encumbrances, in accordance with law; and

5. the proceeds of such sale shall be distributed as follows:

    (a) costs and expenses incurred in connection with the sale of the Property;

    (b) any outstanding property taxes, special collections, and/or other amounts due the City of Dallas, the Dallas Central Appraisal District, and/or other taxing authorities with regard to the Property;

    (c) the United States in partial satisfaction of the restitution judgment against Dolenz; and

    (d) the remainder, if any, to Dolenz.

Dolenz's cross-motion for summary judgment [Doc. #175] should be denied. Any and all counterclaims asserted by Dolenz against plaintiff should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE